UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

**ROBERT GATLIN,**
                       **Plaintiff**

**v.**                                    **Civil Action No.**
                                             **5:04CV140-J**

**JO ANNE B. BARNHART, Commissioner**
 **Social Security Administration,**
                       **Defendant**

## MEMORANDUM OPINION

This case presents plaintiff Robert Gatlin's challenge to the decision of the Commissioner denying his claims to Disability Insurance Benefits and Supplemental Security Income payments. The matter is before the Court on plaintiff's objections to the Magistrate Judge's Report and Recommendation. After conducting a de novo review of those matters subject to specific written objection, the Court is of the opinion that the recommendation of the Magistrate Judge should be accepted and the decision of the defendant Commissioner affirmed.

Mr. Gatlin contends that the ALJ erred in failing to discuss the exhibits submitted subsequent to the hearing. The exhibits in issue are found at Tr. 201 through 253, and are known in the administrative record as Exhibits 9F through 12 F. The ALJ's opinion explicitly refers to these exhibits and explains the weight given them and the reasoning therefor (see Tr. 18). The Court finds no error as the record flatly contradicts the assertion that he was "deprived of any consideration of the critical evidence." Plaintiff's Exceptions at 5.

The Court agrees with the Magistrate Judge's conclusion of lack of legal error in the handling of the treating surgeon's October 2002 report. Dr. Scheker stated that Mr. Gatlin was

1

unable to perform the requirements of his "regular occupation." Tr. 205. The ALJ agreed, and explicitly held that Mr. Gatlin was unable to perform any of his past relevant work. Tr. 21. Dr. Scheker explicitly limited his opinion regarding functional limitations to Mr. Gatlin's regular occupation, and he declined to offer any opinion outside that narrow area. Accordingly, it is clear that the ALJ did not disregard or discount the treating physician's opinion. The Court is in full agreement with the United States Magistrate Judge's analysis of the medical evidence, and the Court will not burden the record with a repetition of that analysis.

Finally, with respect to Mr. Gatlin's contention that work activity is precluded by his need for regular physical therapy, the Court concurs with the Magistrate Judge's analysis. Contrary to plaintiff's assertion that the record establishes that he must engage in physical therapy with another person three times each day for an hour each time, the Home Exercise Program described in the medical records actually only requires a few minutes for each session. Tr. 239-240. For example, "Finger DIP Joints" requires holding a position for five seconds, repeated 10 to 15 times in a session, with 2-3 sessions per day. Thus, this complete exercise could be done in one minute. Even assuming one of the two or three daily sessions occurred during the workday, there is no indication that normal breaks would be insufficient for this.

An order in conformity has this day entered.